UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

| | |
|---|---|
| ADAM WRIGHT,<br><br>                                               Plaintiff,<br><br>      -against-<br><br>CITY OF NEW YORK, JOSHUA JOHNSON, Individually, JOHN SMITH, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>                                              Defendants. | **SECOND AMENDED COMPLAINT**<br><br>17 CV 3798 (ER)<br><br><u>Jury Trial Demanded</u> |

------------------------------------------------------------------------------X

Plaintiff ADAM WRIGHT, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

**Preliminary Statement**

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

**JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§ 1343 and 1367.

**VENUE**

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ADAM WRIGHT is a fifty-four-year-old African American resident of the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, JOSHUA JOHNSON, JOHN SMITH, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On February 21, 2016, at approximately 3:30 a.m., at the northeast corner of Broadway and East 105th Street, New York, New York, defendant NYPD officers JOSHUA JOHNSON and JOHN SMITH, acting under color of law, falsely arrested, unlawfully imprisoned and thereafter maliciously issued process to and prosecuted plaintiff ADAM WRIGHT.

13. On the aforesaid date and time, plaintiff was unlawfully pulled over by NYPD officers JOHNSON and SMITH.

14. Plaintiff had committed no traffic infractions prior to being pulled over.

15. Defendant JOHNSON ordered plaintiff out of his vehicle, despite lacking a lawful basis or authority to do so.

16. Defendant JOHNSON unreasonably frisked plaintiff and searched plaintiff's vehicle two separate times.

17. Defendant JOHNSON found no contraband inside of plaintiff's vehicle or on his person.

18. Although plaintiff had not consumed any alcohol or other substances, and there was no reasonable basis to believe plaintiff was intoxicated, defendant JOHNSON asked plaintiff to take a breathalyzer test, and informed him that if he preferred, he could be tested at the precinct.

19. Plaintiff accepted JOHNSON's offer and elected to be tested at the stationhouse.

20. Defendants JOHNSON and SMITH then handcuffed plaintiff, imprisoned him inside of their police vehicle, and transported him to the 28th Police Precinct and imprisoned him therein.

21. At the 28th Police Precinct, plaintiff was taken to the IDTU and administered a chemical test, which confirmed that plaintiff had not consumed any alcohol.

22. Despite the fact that the chemical test confirmed plaintiff had not consumed any alcohol, defendants JOHNSON and SMITH continued to subject plaintiff to an excessive detention, needlessly transporting him to the 19th Police Precinct Stationhouse, and imprisoning him therein for a number of hours, without any legal justification, in violation of plaintiff's right to due process.

23. At approximately 9:00 a.m., plaintiff was finally released with two baseless summonses (summons numbers ABB0211820 and ABB0211816) sworn to by defendant JOHNSON, which falsely accused plaintiff of purported traffic violations and compelled plaintiff's appearance at the Department of Motor Vehicles Traffic Violations Division in Manhattan North on May 20, 2016.

24. Defendant JOHNSON initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff despite lacking probable cause to believe plaintiff had committed any crime or infraction, and for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the baseless stop and detention of plaintiff, and otherwise out of animus for Mr. Wright.

25. Defendant JOHNSON created and manufactured false evidence which he conveyed to Department of Motor Vehicles Traffic Violations Division in Manhattan North and which was likely to be used against him in the legal proceeding. Specifically, defendant JOHNSON swore to false claims that plaintiff had failed to signal.

26. On May 20, 2016, plaintiff appeared in the Department of Motor Vehicles Traffic Violations Division and was found not guilty after a hearing was held at which defendant

JOHNSON testified.  At the conclusion of the hearing, both summonses were dismissed and sealed.

27.   Defendants JOHNSON, SMITH, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

28.   All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of disproportionally stopping motorists who are members of racial minorities, falsely arresting individuals, and falsification.

29.   The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed against the NYPD, that NYPD officers, including the defendants, are insufficiently trained regarding legal justifications for stopping motor vehicles and engage in a practice of falsification.

30.   For instance, in another civil rights action filed in this Circuit involving false allegations by NYPD officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

31.   Defendant CITY OF NEW YORK is further aware that such improper training

has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

32. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

33. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

34. All of the aforementioned acts deprived plaintiff ADAM WRIGHT of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. As a result of the foregoing, plaintiff ADAM WRIGHT sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Defendant Officers)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendant officers arrested plaintiff ADAM WRIGHT without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

40. Defendant officers caused plaintiff ADAM WRIGHT to be falsely arrested and unlawfully imprisoned.

41. As a result of the foregoing, plaintiff ADAM WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983 against Defendant Officers)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants initiated, commenced and continued a malicious prosecution against plaintiff ADAM WRIGHT.

44. Defendants caused plaintiff ADAM WRIGHT to be prosecuted without any probable cause until the charges were dismissed on or about May 20, 2016.

45. As a result of the foregoing, plaintiff ADAM WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants issued criminal process against plaintiff ADAM WRIGHT by causing him to be arraigned and prosecuted for various violations of the Vehicle and Traffic Law.

48. Defendants caused plaintiff ADAM WRIGHT to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the baseless stop and detention of plaintiff and thereby violated plaintiff's right to be free from malicious abuse of process.

49. As a result of the foregoing, plaintiff ADAM WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Deprivation of Liberty without Due Process under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants deprived plaintiff ADAM WRIGHT of his liberty without due process by causing him to be detained against his will without a lawful justification after plaintiff was otherwise entitled to release.

52. As a result of the foregoing, plaintiff ADAM WRIGHT is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 against Defendant Officers)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendant created false evidence against plaintiff ADAM WRIGHT.

55. Defendants forwarded this false evidence to the Department of Motor Vehicles Traffic Violations Division in Manhattan North to be used against plaintiff ADAM WRIGHT in legal proceedings.

56. As a result of defendants' creation and use of false evidence, plaintiff ADAM WRIGHT suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

57. As a result of the foregoing, plaintiff ADAM WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against the Defendants Officers)

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants had an affirmative duty to intervene on behalf of plaintiff ADAM WRIGHT, whose constitutional rights were being violated in their presence by other officers.

60. The defendants failed to intervene to prevent the unlawful conduct described herein.

61. As a result of the foregoing, plaintiff ADAM WRIGHT was falsely arrested, excessively detained, denied his right to a fair trial, and he was maliciously issued process and prosecuted.

62. As a result of the foregoing, plaintiff ADAM WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against Defendant Officers)

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

65. As a result of the foregoing, plaintiff ADAM WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, disproportionally stopping motorists who are members of racial minorities, falsely arresting individuals, and engaging in falsification.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ADAM WRIGHT'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ADAM WRIGHT.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff ADAM WRIGHT as alleged herein.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYDP were the moving force behind the Constitutional violations suffered by plaintiff ADAM WRIGHT as alleged herein.

72.     As a result of the foregoing customs, policies, usages, practices, procedures and

rules of the City of New York and the NYPD, plaintiff ADAM WRIGHT was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

73. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ADAM WRIGHT'S constitutional rights.

74. All of the foregoing acts by defendants deprived plaintiff ADAM WRIGHT of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment;

    B. To be free from excessive detention;

    C. To be free from malicious prosecution;

    D. To be free from abuse of process;

    E. To receive a fair trial; and

    D. To be free from the failure to intervene.

75. As a result of the foregoing, plaintiff ADAM WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

78. The CITY OF NEW YORK has wholly neglected or refused to make an

adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

79.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

80.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

81.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York against Defendant Officers and Defendant City of New York)

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     As a result of the foregoing, plaintiff ADAM WRIGHT was placed in apprehension of imminent harmful and offensive bodily contact.

84.     As a result of defendant's conduct, plaintiff ADAM WRIGHT has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

85.     The individually named defendants assaulted plaintiff.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

86.     As a result of the foregoing, plaintiff ADAM WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York against Defendants Officers and Defendant City of New York)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendants made offensive contact with plaintiff ADAM WRIGHT without privilege or consent.

89. As a result of defendants' conduct, plaintiff ADAM WRIGHT has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

90. The individually named defendants battered plaintiffs. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

91. As a result of the foregoing, plaintiff ADAM WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York Against Defendant Officers and Defendant City of New York)

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff ADAM WRIGHT.

94.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

95.     Defendants caused plaintiff ADAM WRIGHT to be prosecuted without probable cause until the charges were dismissed on or about May 20, 2016.

96.     As a result of the foregoing, plaintiff ADAM WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Malicious Abuse of Process under laws of the State of New York)

97.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Defendants issued criminal process against plaintiff ADAM WRIGHT by causing him to appear at the Department of Motor Vehicles Traffic Violations Division in Manhattan North.

99.     Defendants caused plaintiff ADAM WRIGHT to be prosecuted by Department of Motor Vehicles Traffic Violations Division in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the baseless stop and detention of plaintiff.

100.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

101.    As a result of the foregoing, plaintiff ADAM WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

102. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff ADAM WRIGHT.

104. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

105. As a result of the foregoing, plaintiff ADAM WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

106. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and

battered plaintiff, maliciously prosecuted plaintiff, and who deprived plaintiff of his right to a fair trial.

108. As a result of the foregoing, plaintiff ADAM WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

109. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110. As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

111. As a result of the foregoing, plaintiff ADAM WRIGHT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ADAM WRIGHT demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: New York, New York
April 24, 2018

>BRETT H. KLEIN, ESQ., PLLC
>Attorneys for Plaintiff ADAM WRIGHT
>305 Broadway, Suite 600
>New York, New York 10007
>(212) 335-0132
>
>By:   _s/ Brett Klein_
>           BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ADAM WRIGHT,

                                         Plaintiff,

      -against-                                              17 CV 3798 (ER)

CITY OF NEW YORK, JOSHUA JOHNSON, Individually,
JOHN SMITH, Individually, and JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                         Defendants.

--------------------------------------------------------------------------------X


**SECOND AMENDED COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132